UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

PENNYMAC LOAN SERVICES, LLC,      )
                                  )
              Plaintiff,          )
                                  )
v.                                )      No.:   3:25-CV-601-TAV-JEM
                                  )
CHARLES L. HAWKINS, *et al.*,     )
                                  )
              Defendants.         )

## MEMORANDUM OPINION AND ORDER

On December 9, 2025, plaintiff filed its complaint [Doc. 1]. The next day, summonses were issued as to all defendants [Docs. 3, 4]. More than 90 days passed without any evidence in the record that plaintiff had achieved service upon defendants. *See* Fed. R. Civ. P. 4(m). Accordingly, on June 9, 2026, the Court entered a show cause order, instructing plaintiff to provide evidence that defendants had been properly served or otherwise show good cause as to why service had not been achieved [Doc. 13]. Plaintiff subsequently filed summonses returned executed for defendant Donna K. Hawkins and defendant Secretary of Housing and Urban Development [Docs. 14, 15]. As to defendant Charles L. Hawkins ("Mr. Hawkins"), plaintiff filed a Suggestion of Death and attached a death certificate [Docs. 16, 16-1].

Plaintiff then filed a response to the show cause order [Doc. 17]. In its response, plaintiff submits that it was recently notified that Mr. Hawkins is deceased, and thus, plaintiff is currently attempting to contact the heirs of Mr. Hawkins [*Id.* at 2]. Plaintiff states that it intends to seek a stay of the matter to determine the status of Mr. Hawkin's

estate, but in the meantime, plaintiff requests an extension of time to serve Mr. Hawkins, or presumably, his estate [*Id.*].

According to the death certificate submitted by plaintiff, Mr. Hawkins died on June 23, 2025 [Doc. 16-1], more than 5 months before this instant action was filed. "[I]t is 'self-evident' that 'a dead person, *qua* a dead person (as opposed to the dead person's estate . . .) cannot sue, be sued, or be joined to a lawsuit.'" *Harris v. US Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2004-2*, No. 20-2005, 2021 WL 7542603, at \*3 (6th Cir. Sept. 10, 2021) (quoting *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020)). Accordingly, an action asserted against a person who is already deceased at the time the action is brought is a nullity. *Porter v. Washington*, No. 1:22-CV-311, 2022 WL 2037942, at \*6 (W.D. Mich. June 7, 2022).

Moreover, the Court could not substitute "the proper party" under Federal Rule of Civil Procedure 25 for Mr. Hawkins because "[s]ubstitution is not possible if one who was named as a party in fact died before the commencement of the action, because Rule 25 presupposes that substitution is for someone who was a party to a pending action." *City of Harriman v. Hester*, No. 3:22-cv-77, 2025 WL 1341891, at \*3 (E.D. Tenn. Jan. 15, 2025) (internal quotation marks omitted) (quoting *Flick v. Vadlamudi*, No. 1:09-CV-647, 2010 WL 3061096, at \*1 (W.D. Mich. July 16, 2010), *report and recommendation adopted*, No. 1:09-CV-647, 2010 WL 3061021 (W.D. Mich. Aug. 3, 2010)); *accord Watkins v. Hansford*, No: 3:17-CV-69, 2017 WL 4159401, at \*1 (W.D. Ky. June 27, 2017) ("Rule 25

is not applicable here because Hansford was not a proper party to the action, having died six months before [the plaintiff] filed the complaint[.]"), *report and recommendation adopted*, No. 3:17-CV-69, 2017 WL 4158647 (W.D. Ky. Sept. 19, 2017); *Gavitt v. Ionia Cnty.*, No. 14-12164, 2014 WL 5666943, at *4 (E.D. Mich. Nov. 3, 2014) ("According to its plain language, . . . Rule 25 does not permit substitution when a claim is being asserted against someone who died *before* the plaintiff filed his complaint. Rather, it permits substitution when a party dies *after* the action has already commenced." (emphasis in original)), *on reconsideration in part sub nom. Gavitt v. Devries*, No. 14-12164, 2014 WL 7157193 (E.D. Mich. Dec. 15, 2014).

Given plaintiff's action against Mr. Hawkins is a nullity, and substitution would not be possible, there is no need to extend the time for service as to Mr. Hawkins. Rather, for the same reasons, the Court hereby **DISMISSES** defendant Charles L. Hawkins from this action. The show cause order issued by the Court on June 9, 2026 [Doc. 13] is otherwise **DISCHARGED** based on plaintiff's filings [Docs. 14, 15].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE